**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHNNY FORD, a married man, | No. 12-17129 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01920-SRB |
| v. | |
| SURPRISE FAMILY URGENT CARE CENTER, LLC; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted December 17, 2013[**]

Before:   GOODWIN, WALLACE, and GRABER, Circuit Judges.

Johnny Ford appeals pro se from the district court's orders in his action

alleging racial discrimination under 42 U.S.C. § 1981 and § 2000a, and medical

negligence under Arizona state law.  We have jurisdiction under 28 U.S.C. § 1291.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 1144 (9th Cir. 2006) (summary judgment). We affirm.

The district court properly dismissed Ford's claim under 42 U.S.C. § 2000a because defendant Surprise Family Urgent Care Center does not qualify as a "public accommodation" as defined in the statute. *See* 42 U.S.C. § 2000a(b).

The district court properly granted summary judgment on Ford's § 1981 claim because Ford failed to raise a genuine dispute of material fact as to the fourth element of his prima facie claim of discrimination, that is, whether services remained available to similarly-situated individuals who were not members of his protected class. *See Lindsey*, 447 F.3d at 1144 (plaintiff must satisfy the initial burden of establishing a prima facie case of racial discrimination).

The district court properly granted summary judgment on Ford's medical negligence claim because Ford failed to produce the required expert testimony concerning the "degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which he belongs within the state acting in the same or similar circumstances." Ariz. Rev. Stat. Ann. § 12-563(1); *see Seisinger v. Siebel*, 203 P.3d 483, 492-93 (Ariz. 2009) (en banc) (explaining that, except in situations where it is a matter of common knowledge, "the standard

of care normally must be established by expert medical testimony" and that failure to produce the required expert testimony mandates judgment for defendant).

The district court did not abuse its discretion in denying Ford's motion for reconsideration because Ford failed to establish grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).

We reject Ford's contentions that he was denied due process and equal protection of the law.

**AFFIRMED.**